United States District Court
Southern District of Texas
**ENTERED**
April 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-16-385-19-S |
| JERRY NORRIS | § § § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ] an offense for which the maximum sentence is life imprisonment or death.

        [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in

        finding 1.

[ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1)   There is probable cause to believe that the defendant has committed an offense

    [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
    ( x ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

    [ ]   under 18 U.S.C. § 924(c).

[x] (2)   The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendant will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:
Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[ ] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that**:
Jerry Norris has been charged by Indictment in the Southern District of Texas, Houston Division, with conspiracy in violation of 18 U.S.C. § 371 (Count One), conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count Two) and money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Three).
**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
     Evidence presented at the detention hearing shows that Jerry Norris ("Norris") has been charged by Indictment with conspiracy, conspiracy to commit wire fraud and money laundering conspiracy. The grand jury has made a probable cause determination that Norris committed the offenses described in the Indictment and testified to at the hearing by the case agent. The case agent testified that Norris was a participant in a scheme involving call centers in India, who call victims in the United States demanding the victim pay money purportedly owed to the Internal Revenue Service ("IRS"), or face deportation. The victims are instructed to purchase temporary debit cards, and give the card number to the call center. Funds transferred to the debit cards, were used to purchase money orders, that were deposited in bank accounts located in the United States. According to the case agent, there are over 15,000 monetary victims and over 50,0000 people in the United States had their personal information comprised to transfer funds.
     Karan Janakbhai Thakkar and Sagar Thakar, a/k/a "Shaggy", co-defendants, are associated with Norris. Sagar Thakar was arrested in the UAE after fleeing from India. Norris worked for co-defendant HGLOBAL as a data base broker. Norris collected information online. According to the case agent, this is how the call centers developed victims for callers. Norris later became a runner for liquidation and movement of victim funds. Norris was filmed moving money for HGLOBAL. In addition, Norris was recorded on Title III intercepts with other co-defendants discussing using personal identifying information of victims. The case agent testified about surveillance photos taken of Norris at a bank in Riverside, California making deposits. The case agent traced the deposits to victims contacted by the call centers. Also the case agent testified about several email exchanges between Norris and Sagar Thakar and Norris and Karan

Thakkar. For example, in one email exchange, Norris wrote about processing cards. In another email exchange, Norris wrote about "Long form payday feeds", with the name, address, social security number, and date of birth of victims. The case agent further testified that Norris's phone number was used to access 162 cards related to over $335,000 of victim funds. Norris is holding money owed to Sagar Thakar. In another email exchange between Norris and Karan Thakkar, Karan Thakkar asks for "general purpose cards" that are used by victims. Norris sent the cards to her. In another email exchange, Karan Thakkar requested Norris to complete transfers and liquidate the cards.

Norris was arrested in March 2017. His ex-wife contacted law enforcement. She stated that her husband had learned about the Indictment. Norris told her he planned to leave the United States and travel to India. She further advised that Norris was in arrears with child support payments, had outstanding warrants, and did not possess a passport. She said a warrant for his arrest was pending against him for failure to appear in Florida in connection with a case that arose when he abandoned his 14 year old daughter on a roadside. When Norris was arrested in California, he said he had no funds to travel to court in Texas.

Norris has no family ties to the community. His employment is unstable. He has three outstanding warrants for failure to appear in Colorado, Georgia and Arizona. He failed to pay court ordered fines in Wyoming. Norris's numerous failure to appear and pay fines demonstrates an unwillingness or inability to comply with standard bond conditions. The evidence of guilt is strong. This increases the risk of flight.

Accordingly, having determined that there are no standard conditions of release to assure the appearance of the Defendant at all future court proceedings in this matter, the Court ORDERS that Defendant Jerry Norris be DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 25th day of April 2017

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE