UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:16-cr-385-S |
| | § | |
| JERRY NORRIS, | § | |
| a.k.a. James Norris, IV, | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through its attorneys, Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Kenneth A. Blanco, Acting Assistant Attorney General for the Department of Justice, Criminal Division, the defendant, Jerry Norris, a.k.a. James Norris, IV ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Superseding Indictment in Criminal Case No. 4:16-cr-385-S, which charges Defendant with a violation of Title 18, United States Code, Section 371 (Conspiracy). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 371, is imprisonment of not more than 5 years and a fine of not more than $250,000.00 or

twice the gross gain or loss from the offense. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

**Cooperation**

5.  If requested by the United States, but only if so requested, Defendant agrees to cooperate with the United States. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the Acting United States Attorney for the Southern District of Texas and the Acting Assistant Attorney General for the Department of Justice, Criminal Division. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.  Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to **any** criminal activity known to Defendant, including but not limited to conspiracy, wire fraud, postal fraud, identity theft, money laundering, immigration violations, and passport fraud. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

> (a) Defendant agrees that this plea agreement binds only the Acting United States Attorney for the Southern District of Texas, the Acting Assistant Attorney General for the Department of Justice, Criminal Division and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation;

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea;
and

(g)     Defendant agrees that his obligation under this section is a continuing one, and will continue after sentencing until all investigations and/or prosecutions to which the defendant's cooperation may be relevant have been completed.

## Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, as well as any fines, restitution, and forfeiture orders, the court might impose, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral

4

review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c) If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater);

(d) If Defendant provides substantial assistance as determined by the United States, in its sole discretion, a motion for downward departure may be filed.

### Agreement Binding - Southern District of Texas and Department of Justice, Criminal Division Only

11. The United States Attorney's Office for the Southern District of Texas and the Department of Justice, Criminal Division agree that they will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the superseding indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, the Department of Justice, Criminal Division and Defendant. It does not bind any other United States Attorney's Office or division of the Department of Justice. The United States Attorney's Office for the Southern District of Texas and the Department of Justice, Criminal Division will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should

impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree.

> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

      a.      Beginning in 2011, agents with Homeland Security Investigations, the Treasury Inspector General for Tax Administration, the Department of Homeland Security-Inspector General, and others, began investigating and ultimately identified a complex fraud and money laundering scheme in which individuals from call centers located in Ahmedabad, India impersonated government tax and immigration officials, and others, and called potential victims located in the United States to defraud them out of money, often threatening them with arrest, imprisonment, fines, or deportation if they did not pay alleged taxes or penalties to the government. The scam callers convinced the victims to pay or transfer often large amounts of money to the scammers through various methods. In order to liquidate the proceeds derived from victims of this scheme, numerous U.S.-based individuals (also known as "runners") operating in various geographic locations were employed by the India-based call center conspirators. The conspirators liquidated the victims' funds in various ways and in a closely coordinated fashion between the call centers, runners, and associates via email, text and instant messaging services such as WhatsApp. In a typical scenario, call centers directed runners to purchase general purpose reloadable (GPR) cards and transmit the unique card number to India-based conspirators who registered the cards online or via telephone using the misappropriated personal identifying information (PII) of U.S. citizens. The India-based conspirators then loaded these GPR cards with funds obtained from numerous victims. The runners used the GPR cards in their possession, loaded with victims' funds, to purchase money orders they deposited into the bank account of another person. This fraud activity often occurred on the same day, usually within hours; too quickly for the victim to report the fraud to law enforcement and/or financial institutions in an effort to successfully freeze and recover their funds. For their services, the runners would earn a

9

specific fee or a percentage. In addition to laundering victims' funds using GPR cards, runners also received victims' funds via MoneyGram and Western Union wire transfers using fictitious identities/false identification documents, direct bank deposits by victims, and iTunes or other gift cards that victims purchased.

  b. During the course of the investigation, agents identified defendant JERRY NORRIS as a domestic runner operating in California and elsewhere in the United States, involved in this criminal scheme.

  c. From in or around January 2013 continuing through in or about December 2014, in the Southern District of Texas and elsewhere, within the jurisdiction of this Court, defendant JERRY NORRIS, along with other co-defendants in Criminal Case No. 4:16-cr-385-S, knowingly combined, conspired, confederated and agreed with each other to commit an offense against the United States in violation of Title 18, United States Code, Section 371: by agreeing with at least one person to commit the crimes of wire fraud, impersonation of a federal officer or employee, identification fraud, access device fraud, and/or money laundering, as charged in the indictment, while knowing the unlawful purpose of the agreement and joining in it willfully, that is, with the intent to further the unlawful purpose, and that one of the co-conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

  d. Defendant JERRY NORRIS, a runner who worked with conspirators associated with India-based call center and organizational co-defendant HGLOBAL, was responsible for the liquidation of victim scam funds in and around California.

  e. During the course of his involvement in the conspiracy, defendant JERRY NORRIS

engaged in various activities in furtherance of the conspiracy, including but not limited to:

- Purchasing GPR cards from retail stores for India-based co-conspirators to load with victim proceeds and transferring the serial numbers by email to co-conspirators in India, so that the cards could be loaded with scam proceeds;

- Communicating via electronic means from email account adtouchmedia@gmail.com with India-based co-conspirators regarding the scheme, including India-based co-defendant SAGAR THAKAR;

- Communicating via WhatsApp with India-based co-defendant KARAN THAKKAR to send GPR card numbers to India and to receive instructions about how to liquidate the scam proceeds;

- Sending lead lists to conspirators in India that were then used by callers located in India-based call centers to target potential victims in telefraud schemes;

- Receiving scam proceeds via wire transfers to fictitious names, including through Western Union;

- Accessing Green Dot GPR cards that were funded with victim scam funds, from his cell phone number, 510-776-8220; and

- Vacating scam proceeds from GPR cards by using the GPR cards to make ATM withdrawals.

  f. Specifically, on or about December 8, 2014, callers from organizational co-defendant HGLOBAL telephonically extorted victim Troy P., a resident of Killeen, TX, of about $3,675 by fraudulently purporting to be IRS employees, threatening arrest and demanding payment for alleged tax violations. The callers directed Troy P. to purchase eights prepaid MoneyPak

cards which were transferred to four GPR cards registered on December 8, 2014, using the misappropriated PII of four U.S. citizens.

   g. On or about December 3, 2014, prior to the scam call, India-based co-defendant KARAN THAKKAR, using email address karan_thakkar84@yahoo.com, received an email from a conspirator that contained a lead list with the PII of 550 individuals, including the PII of the four U.S. citizens used to register the GPR cards funded with Troy P.'s scammed funds.

   h. On or about December 7, 2014, defendant JERRY NORRIS messaged co-defendant KARAN THAKKAR via WhatsApp with the four cards funded by victim Troy P.

   i. On or about December 8, 2014, co-defendant KARAN THAKKAR sent defendant JERRY NORRIS the last four digits of the cards funded by Troy P., a PIN for each card, the date of birth of the registered card holder, the zip code of the registered cardholder, and the last four digits of the registered cardholders' Social Security number. THAKKAR immediately followed with, "James send me new gdots . . . ."

   j. On or about December 8, 2014, defendant JERRY NORRIS accessed all of the GPR cards funded by victim Troy P. via telephone number 510-776-8220.

   k. On or about December 22, 2014, defendant KARAN THAKKAR using karan_thakkar@yahoo.in emailed karan_thakkar84@hotmail.com several WhatsApp chats between THAKKAR and defendant JERRY NORRIS from November 14, through December 17, 2014.

   l. Defendant JERRY NORRIS knew that the money on GPR cards that he and his co-conspirators used as part of the scheme, and other funds he received and/or transferred as part of the scheme, were derived from some form of unlawful activity.

This stipulation does not attempt to set forth every aspect of Defendant's involvement in the case, but rather to set forth those facts necessary to serve as a factual basis for Defendant's guilty plea in this case.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by

the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

22. Defendant stipulates and agrees that all property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction, as listed in the Superseding Indictment's Notice of Forfeiture (and in any supplemental Notices), is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

23. Defendant stipulates and agrees to the entry of an order for substitute assets against him and in favor of the United States of America at the time of sentencing. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists. Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the forfeiture order, until the order is fully satisfied.

24. The defendant agrees to forfeit and abandon all of the defendant's interest in all items seized by law-enforcement officials during the course of their investigation. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. With regard to all forfeitable assets, the defendant agrees to take all steps necessary to ensure that the property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture. In addition, the defendant agrees not to file a Statement of Interest, Offer in Compromise, Answer, claim, or petition for remission for such asset in any administrative or judicial proceeding that may be initiated or that has been initiated. To the extent that the defendant has filed a Statement of Interest, Offer in Compromise, Answer, claim, or petition for remission for any such asset, the defendant hereby immediately withdraws that filing.

25. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

26. Subject to the provisions of paragraph 7 above, Defendant waives any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, habeas corpus, or any other means) to any disposal of such property carried out in accordance with this Plea Agreement on any grounds. The defendant acknowledges that assets (listed or unlisted in this agreement) may have been forfeited administratively prior to the execution of this agreement, and the defendant hereby waives any interest in such assets; all constitutional, legal, and equitable claims to such assets; and all defenses to the forfeiture of such assets in any proceeding, including proper notice, timeliness of the notice, innocent ownership, defenses arising in connection with any provision of 18 U.S.C. § 983, or excessive fines or punishment. Defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement. Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or disposal of such property. Defendant acknowledges that the United States will dispose of such property and that procedures governing such disposal are for the benefit of the United States and do not confer any rights whatsoever upon him.

### Fines

27.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.  Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

28.   This written plea agreement, consisting of 20 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

[remainder of page left intentionally blank]

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on 9/22, 2017.

_____
Defendant

Subscribed and sworn to before me on September 22, 2017.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Abe Martinez
Acting United States Attorney

By: _____
S. Mark McIntyre
Craig M. Feazel
Assistant United States Attorney
Southern District of Texas

_____
L. Jeth Jones II
Attorney for Defendant

Kenneth A. Blanco
Acting Assistant Attorney General

/s/ _____
J. Michael Sheckels
Mona N. Sahaf
Trial Attorneys
U.S. Department of Justice
Criminal Division
Human Rights and Special Prosecutions

\_\_/s/_____
Amanda Schlager Wick
Trial Attorney
U.S. Department of Justice
Criminal Division
Money Laundering and Asset Recovery Section

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:16-cr-385-S |
| § | |
| JERRY NORRIS, § | |
| a.k.a. James Norris, IV, § | |
| Defendant. § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _9/22/17_____
Attorney for Defendant                                Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____        _9/22/17_____
Defendant                                              Date

20